UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

EDMOND GASAWAY,

                Plaintiff,

   -against-                              9:11-CV-01223 (LEK/DEP)

BUREAU OF PRISONS,

                Defendant.

## DECISION AND ORDER

**I.    INTRODUCTION**

This matter comes before the Court following a Report-Recommendation filed on April 3, 2012 by the Honorable David E. Peebles, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and L.R. 72.3 of the Northern District of New York.  Dkt. No. 19 ("Report-Recommendation").  After fourteen days from the service thereof, the Clerk has sent the entire file to the undersigned, including the Objections by Defendant Bureau of Prisons ("BOP" or "Defendant"), which were filed April 19, 2012.  Dkt. No. 21 ("Objections").

**II.   BACKGROUND**

Plaintiff Edmond Gasaway, a *pro se* inmate litigant and frequent filer in federal court, who is now barred from filing any future *pro se* actions in this District without prior permission, has commenced this suit under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680, alleging that he suffered from food poisoning while confined in a prison facility operated by Defendant.  Dkt. No. 1 ("Complaint").  In his Complaint, Plaintiff seeks various forms of relief including a finding of misconduct on the part of the BOP employee who investigated the matter as a result of his administrative claim filed with the agency.  See id.

Plaintiff is currently incarcerated at the Ray Brook Federal Correctional Institution ("FCI Ray Brook"). Compl. at 2. He initially commenced this action in the United States District Court for the District of Columbia on or about August 26, 2011. Id. at 1. The filing of the action followed Plaintiff's unsuccessful attempt to recover for his alleged injuries by submitting an administrative claim to the BOP. In his Complaint, Plaintiff alleges that on July 20, 2010, while confined at the Allenwood Federal Correctional Institution ("FCI Allenwood"), he experienced a severe stomach illness requiring medical attention. Id. Plaintiff alleges that this illness resulted from his being served contaminated food in the prison dining hall. Id.

On September 6, 2011, District Judge Ellen S. Huvelle ordered that the matter be transferred to this district pursuant to 28 U.S.C. § 1406(a). Dkt. No. 3. And on December 12, 2011, Judge Peebles issued an Order granting Plaintiff's Application to proceed *in forma pauperis* ("IFP"), authorizing the issuance of summonses for service, and directing a response to the complaint. Dkt. No. 5.

On February 28, 2012, Defendant moved in this and another pending case seeking revocation of Plaintiff's IFP status. Dkt. No. 12 ("Motion"); Gasaway v. Perdue, et al., No. 11-CV-1272 (LEK/DEP). Defendant argues that Plaintiff is precluded from proceeding *in forma pauperis* by the "three strikes" provision of 28 U.S.C. § 1915(g). Id. Defendant offers five specific prior dismissals of Plaintiff's claims as constituting "strikes" under that provision and argues, in the alternative, that in any event the Court should exercise its inherent discretionary authority to strip Plaintiff of his IFP status in light of Plaintiff's litigation history. Id. Plaintiff responded in opposition to Defendant's Motion, arguing that his IFP status should be upheld or, in the alternative, that the Court should accept a "Bonded Promissory Note" in lieu of the required filing fee. Dkt. No.

15 ("Response").

Upon review of the Motion and Response, Judge Peebles filed a Report-Recommendation on April 3, 2012, recommending that the Court use its discretionary authority to revoke Plaintiff's IFP status because of his history as an abusive litigant. Report-Rec. Judge Peebles concluded that the dismissals of habeas petitions that Defendant had cited as strikes should not be counted as such, but that Defendant's motion should still be granted by means of the Court's discretionary authority. See generally id. On April 19, 2012, however, Defendant filed Objections, expressing disagreement not with Judge Peebles's recommended result but with his rationale. Objections. That is, Defendant wishes the Court to revoke Plaintiff's IFP status and also to conclude that he had accumulated three strikes at the time that this action began. Id.

### III.  STANDARD OF REVIEW

The Court is to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). Where, however, an objecting "party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the report and recommendation only for clear error." Farid v. Bouey, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008) (quoting McAllan v. Von Essen, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007)) (citations and quotations omitted); see also Brown v. Peters, No. 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court has considered the Objections and reviewed the record and has determined that the Report-Recommendation should be approved and adopted in its entirety for the reasons stated herein.

3

### IV.    DISCUSSION

In this case, Defendant does not object to the result recommended by Judge Peebles.  Indeed, the revocation of Plaintiff's IFP status that Judge Peebles advises the Court to adopt is exactly the result that Defendant's Motion sought.  Rather, Defendant "objects to the R&R insofar as it concluded that dismissals of habeas corpus petitions may not be counted as 'strikes' under the PLRA."  Obj. at 2.  The Court, therefore, reviews this portion of the Report-Recommendation *de novo*.  See 28 U.S.C. § 636(b).  The Court has reviewed the remainder of the Report-Recommendation for clear error and found none.

As a preliminary matter, it is worth noting that: (1) the Report Recommendation concludes that Plaintiff's IFP status should be revoked for the instant action; and (2) Plaintiff has now clearly accumulated three strikes independent of the dismissed habeas petitions.  See Report-Rec. at 13 n.8 ("It is clear that plaintiff now has three strikes, in light of the court's recent dismissal of his complaint in Gasaway v. Williams, No. 8:11-CV-0549, 2012 WL 264611(N.D.N.Y. Jan. 30, 2012)").  Therefore, given that the Court finds no error in Judge Peebles's exercise of the discretionary power to revoke Plaintiff's IFP status, there can be no claim that Defendant's objection has any bearing on the outcome of this Motion or even on Plaintiff's future forays into federal litigation.

By objecting to the portion of the Report-Recommendation that fails to treat Plaintiff's prior habeas dismissals as "strikes," Defendant appears to invite the Court to address a legal issue that is no longer essential to this Motion, to pursue (what amounts to) Judge Peebles's dicta and wade after it into the morass of the Circuits' conflicting interpretations of the PLRA.  As a prudential matter, the Court must decline such an invitation to expound upon the relationship between the PLRA and

4

the civil/criminal status of habeas petitions.

It is axiomatic that federal courts shall not issue advisory opinions. See, e.g., U.S. Nat'l Bank v. Indep. Ins. Agents of Am., Inc., 508 U.S. 439, 446 (1993); Crawley v. U.S., 417 F. App'x 94, at *1 (2d Cir. 2011); U.S. v. Leon, 203 F.3d 162, 164 (2d Cir. 2000); Letter from Chief Justice John Jay and the Associate Justices to President George Washington (August 8, 1793), 3 CORRESPONDENCE & PUBLIC PAPERS OF JOHN JAY 488–89 (Henry P. Johnston ed. 1891). Further, "Article III denies federal courts the power to decide questions that cannot affect the rights of litigants in the case before them." Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477 (1990). Because the Court finds no error in Judge Peebles's recommendation that Plaintiff's IFP Application be dismissed on discretionary grounds, the presence of additional "strikes" in the form of prior dismissed habeas actions would not affect the rights of the litigants here. Cf. Deleon v. Doe, 361 F.3d 93, 95 (2d Cir. 2004); Snider v. Melindez, 199 F.3d 108, 115 (2d Cir.1999) ("The designation of strikes has no practical consequences until a defendant in a prisoner's lawsuit raises the contention that the prisoner's suit or appeal may not be maintained in forma pauperis pursuant to 28 U.S.C. § 1915 because the prisoner has accumulated three strikes. At that time, because a practical consequence turns on the answer to the question, a court will need to determine whether the prisoner should be charged with three strikes. Litigation over the issue at an earlier juncture would involve the courts in disputes that might never have any practical consequence. The resolution of such disputes is not a proper part of the judicial function."). While the determination of whether a prior action qualifies as a "strike" is a matter of statutory interpretation and is therefore one for the courts, Tafari v. Hues, 473 F.3d 440, 442-43 (2d Cir. 2007), in the interests of judicial restraint, the Court shall refrain from addressing this unsettled legal issue when it need not in order to grant Defendant's

Motion.

## V.     CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 19) is **APPROVED** and **ADOPTED** in its **ENTIRETY**; and it is further

**ORDERED** that Defendant's Motion (Dkt. No. 12) is **GRANTED** and that Plaintiff's IFP status in this case be **REVOKED**, and that Plaintiff's Complaint in this action is **DISMISSED** unless, **within thirty (30) days** of the date of the Court's Decision and Oder, he pays the required statutory filing fee in full; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED**.

DATED:     May 30, 2012
           Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge